UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GERALDINE HILL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | NO.  C14-698-RAJ-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Geraldine Hill appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings.

I.　　FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, Plaintiff was a 44-year-old woman with a high school diploma (with special education).  Administrative Record ("AR") at 46, 165-66. Her past work experience includes short-term jobs as a babysitter and janitor.  AR at 166. Plaintiff was last gainfully employed in March 1999.  AR at 166.

REPORT AND RECOMMENDATION - 1

On February 25, 2011, Plaintiff protectively filed a claim for SSI payments. AR at 148-53, 170. Plaintiff asserts that she is disabled due to mental retardation. AR at 165.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 84-92, 96-104. Plaintiff requested a hearing, which took place on August 22, 2012. AR at 43-60. On September 14, 2012, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on the application of the Medical-Vocational Guidelines. AR at 22-38. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On May 11, 2014, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II.   JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

REPORT AND RECOMMENDATION - 2

Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

### IV.   EVALUATING DISABILITY

As the claimant, Ms. Hill bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for

determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V.   DECISION BELOW

On September 14, 2012, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since February 25, 2011, the application date.

2. The claimant's organic mental disorder, borderline intellectual functioning, anxiety disorder, personality disorder, and substance use disorder are severe.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. The claimant has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform simple, routine tasks in a stable and predictable work environment; she can interact with others, including the public, coworkers, and supervisors superficially; and she can tolerate modest changes at work.

5. The claimant has no past relevant work.

6. The claimant was born on XXXXX, 1968, and was 42 years old, which is defined as a younger individual age 18-49, on the date the application was filed.[2]

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and RFC, the Medical-Vocational Guidelines direct a finding of non-disability.

---

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 5

10.    The claimant has not been under a disability, as defined in the Act, since February 25, 2011, the date the application was filed.

AR at 24-36.

## VI.    ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in failing to find that the Listing 12.05C was met or equaled.

2. Whether the ALJ erred in assessing medical opinion evidence.

3. Whether ALJ erred in assessing Plaintiff's RFC.

4. Whether the ALJ erred in assessing Plaintiff's credibility.

Dkt. 15 at 1-2.

## VII.    DISCUSSION

Listing 12.05C has three requirements:

(1) Significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifesting during the developmental period (before age 22);

(2) A valid verbal, performance, or full scale IQ of 60-70; and

(3) A physical or other mental impairment imposing an additional and significant work-related limitation of function.

*See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C.

The ALJ's decision indicates that the third prong is satisfied. AR at 24-26. The ALJ questioned whether Plaintiff had met her evidentiary burden as to the first prong, because she did not submit any education records or treatment notes dating to before her 22nd birthday. AR at 28. As to the second prong, the ALJ found that Plaintiff's qualifying IQ scores were not sufficient because they "pertain[] to an organic learning [dis]order rather than mental retardation." AR at 28. The Court will address each of the disputed prongs of Listing 12.05C in turn.

A. <u>Significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifesting during the developmental period (before age 22)</u>

Plaintiff argues that her allegations of special education[3] were sufficient to satisfy the first prong, and that other evidence in the record suggested that her deficits in adaptive functioning existed before age 22. For example, DSHS examining psychologist David Widlan, Ph.D., opined that Plaintiff's "cognitive issues are lifelong." AR at 257. Plaintiff consistently reported that she had never held a job for longer than a couple of months. AR at 48, 166, 205, 210, 215, 243. She also reported that she had never been able to live independently. AR at 55, 204, 217. Multiple examining psychologists diagnosed Plaintiff with mental retardation or borderline intellectual functioning. AR at 200, 212, 219, 245, 255. The ALJ did not explain why he inferred from this record that Plaintiff's deficits in adaptive functioning had not begun during the developmental period, and it is not even clear that he so found. AR at 28-29 (string citation to various cases discussing "the issue of adaptive functioning," without application to the facts of this case).

Although the Commissioner suggests that evidence from Plaintiff's developmental period is required in order to satisfy the first prong of Listing 12.05C (Dkt. 16 at 4), she is mistaken. *See Hernandez v. Astrue*, 380 Fed. Appx. 699, 700 (9th Cir. 2010) ("Evidence *from* the developmental period is not required in order to establish that the impairment began before the developmental period; rather the agency may use its judgment when current evidence allows it to infer when the impairment began." (emphasis in original)). In this case, the ALJ did not address whether current evidence could satisfy the first prong of Listing 12.05C, and shall do so on remand.

---

[3] The State agency apparently credited Plaintiff's allegations of special education. *See, e.g.*, AR at 72.

REPORT AND RECOMMENDATION - 7

B.    <u>A valid verbal, performance, or full scale IQ of 60-70</u>

The ALJ squarely rejected Plaintiff's IQ scores — which range from 62 to 85 (AR at 74, 199) — on the grounds that the variation between her verbal score and full-scale score, as well as her mental status examination findings, had been found by the State agency consultants to indicate an "organic learning [dis]order rather than mental retardation." AR at 28. The State agency opinion does not state this. AR at 73-74 (stating that Plaintiff's mental retardation is a severe impairment). The Commissioner's brief merely recites the ALJ's finding (Dkt. 16 at 4), without showing how it is supported by substantial evidence.

The ALJ cited no evidence indicating that Plaintiff's qualifying IQ scores of record are not valid. As such, the evidentiary support for the ALJ's findings as to Plaintiff's IQ scores is non-existent, and further testing is unnecessary. *See Borders v. Colvin*, 2014 WL 6901177, at *5-6 (D. Or. Dec. 3, 2014) (citing, *inter alia*, *Fanning v. Bowen*, 827 F.2d 631, 633 (9th Cir. 1987)). On remand, the ALJ shall find that Plaintiff has satisfied the second prong of Listing 12.05C.

Because the ALJ's reconsideration of the step-three findings may be dispositive, the Court will not address Plaintiff's additional assignments of error challenging the ALJ's findings at subsequent steps in the sequential analysis.

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **April 2, 2015**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for

consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 3, 2015**.

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 19th day of March, 2015.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge